**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 4 2013

JAMES W. McCORMACK, CLERK
By:_____Sara_____
DEP CLERK

4:13 cv 247 BRW

| | |
|---|---|
| **MYRON HAYES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **NOSOMA SYSTEMS, INC. d/b/a** | ) |
| **CAPITAL COLLECTION SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |

This case assigned to District Judge __Wilson__
and to Magistrate Judge_____ __Ray__

## COMPLAINT

NOW COMES the Plaintiff, MYRON HAYES, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, NOSOMA SYSTEMS, INC. d/b/a CAPITAL COLLECTION SERVICES, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      MYRON HAYES, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Little Rock, County of Pulaski, State of Arkansas.

5.      The debt that Plaintiff was allegedly obligated to pay was a debt originally allegedly owed by Plaintiff to U.S. Bank (hereinafter, "the Debt").

1

6.    The debt that Plaintiff allegedly owed to U.S. Bank was for a credit card, on which charges were incurred for the personal use of Plaintiff and/or used for household expenditure.

7.    Upon information and belief, Aargon Agency Inc., (hereinafter, "Aargon") purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8.    At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.    NOSOMA SYSTEMS, INC. d/b/a CAPITAL COLLECTION SERVICES, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas.  Defendant is incorporated in the State of New Jersey.

10.    The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.     ALLEGATIONS

15.     On or about July 20, 2012, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt.

16.     The aforesaid correspondence stated that Plaintiff owed $360.37.

17.     The aforesaid correspondence also stated the Debt had been past due since July 6, 2006.

18.     As of November 5, 2011, the Debt had been paid in full to Aargon.

19.     As of July 20, 2012, the date when Defendant sent Plaintiff a correspondence in an attempt to collect the Debt, Plaintiff no longer owed the Debt.

20.     As of July 20, 2012, the date when Defendant sent Plaintiff a correspondence in an attempt to collect the Debt, the Debt had been paid in full.

21.     Subsequent to July 20, 2012, in or around late July 2012, and/or August 2012, Plaintiff started to receive telephone calls from Defendant in an attempt to collect on the Debt.

22.     On at least 6 (six) different occasions, during the aforementioned telephone conversations between Plaintiff and Defendant, Plaintiff informed Defendant that the Debt had been paid in full.

23.     In response, during the aforementioned telephone calls, Defendant told Plaintiff that the Debt had not been paid and that Plaintiff had to pay the Debt in order to avoid the Debt from being reported to the credit reporting agencies as that term is defined by 15 U.S.C. §1681a(f).

3

24.     In or around September 2012, Defendant reported the Debt to the credit reporting agencies.

25.     The Debt appeared on Plaintiff's credit report as having a balance of $360.

26.     Defendant reported false information to the credit reporting agencies.

27.     Defendant knew or should have known that the information it was reporting was false.

28.     At all relevant times, Plaintiff was residing in the State of Arkansas.

29.     At all relevant times, Defendant was attempting to collect a Debt from Plaintiff while he was residing in the State of Arkansas.

30.     At all relevant times there was in full force and effect a statute in the State of Arkansas requiring that all debt collectors collecting debts in the State of Arkansas be licensed by the Arkansas State Board of Collection Agencies.

31.     At all relevant times, Defendant was not licensed by the Arkansas State Board of Collection Agencies.

32.     Defendant's attempts to collect the Debt from Plaintiff in the State of Arkansas were unfair and/or unconscionable given that at the time Defendant attempted to collect the Debt from Plaintiff, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff, as required by Arkansas state law.

33.     Defendant's representations to Plaintiff that he had to pay the Debt to Defendant, as delineated above, were false, deceptive and/or misleading given that at the time Defendant represented to Plaintiff that he had to pay the Debt to Defendant, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff.

34. In its attempts to collect the debt allegedly owed by Plaintiff to U.S. Bank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MYRON HAYES, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MYRON HAYES**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: April 18, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:        dmarco@smithmarco.com